IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES TOWNSEND AND LESLIE TOWNSEND, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:22-cv-00250 |
| v. | § § § | |
| MIDLAND MORTGAGE, | § § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant Midland Mortgage ("Midland" or "Defendant"), files this Notice of Removal of this action from the 284th Judicial District Court of Montgomery County, Texas (the "Notice"), and respectfully shows as follows:

### INTRODUCTION

1. On December 29, 2021 Plaintiffs James Townsend and Leslie Townsend ("Plaintiffs"), filed their *Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction* (the "Petition") bearing Cause No. 21-12-17634 in the 284th Judicial District Court of Montgomery County, Texas, and styled *James Townsend and Leslie Townsend v. Midland Mortgage* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto within the contents of Exhibit B.

2. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at 46 Barley Hall Street, Spring, TX 77382 (the "Property").

Plaintiffs make a vague assertion that Defendant failed properly apply all payments made with respect to the subject loan. (*See* Petition at ¶10.) Plaintiffs seek a declaratory judgment regarding the accounting of the loan. (*Id.* at ¶20.) Further, Plaintiffs request injunctive relief that prohibits the foreclosure sale of the Property. (*Id.* at ¶18.)

3. This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

5. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) because the parties are diverse and the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

**A. There is complete diversity.**

6. Plaintiffs are individuals and citizens of the state of Texas. (*See* Petition at ¶1.)

7. Defendant Midland Mortgage is a division of MidFirst Bank, which is a federally chartered savings association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). MidFirst Bank is, and at all times relevant to this action was, a national association bank with its main office located in Oklahoma City, Oklahoma. Thus, Defendant is a citizen of Oklahoma, and no other state, for purposes of diversity jurisdiction.

8. Because Plaintiffs and Defendant do not share a state citizenship, there is diversity of citizenship.

**B. The amount in controversy exceeds $75,000.00.**

9. The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamar v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

10. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-

CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiffs request, *inter alia*, an injunction prohibiting Defendant from foreclosing on the loan and selling the Property. (*See* Petition at Prayer.) The Montgomery County Appraisal District shows a total assessed value of the Property at $447,000.00. (Exhibits C, C-1.)

11.   Defendant categorically denies Plaintiffs are entitled to an award of damages in any amount, but Plaintiffs' requests for injunctive relief and attorney fees far exceeds $75,000.00, exclusive of interest and costs. For the reasons stated above, there can be no dispute that Plaintiffs seek in excess of the minimum amount in controversy.

## VENUE

11.   Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1441(a) because this district and division embrace the 284$^h$ Judicial District Court of Montgomery County, Texas, the forum in which the removed action was pending.

## NOTICE

12.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 284th Judicial District Court of Montgomery County, Texas.

13.   The contents of Exhibit B constitute the entire file of Cause No. 21-12-17634 in the 284th Judicial District Court of Montgomery County, Texas.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650

*Attorneys for Defendant*

## **List of all Counsel of Record**

For Plaintiffs:

Jacob Hyde
Texas Bar No. 24074464
Jacob.hyde.law@gmail.com
Hyde Law, PLLC
7 Switchbud Place, Ste. 192-275
The Woodlands, Texas 77380
Tel. (512) 992-8591
Fax. (512) 532-7227

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Docket Sheet for Cause No. 21-12-17634 in the 284th Judicial District Court of Montgomery County, Texas;

Exhibit B    Pleadings in Cause No. 21-12-17634 in the 284th Judicial District Court of Montgomery County, Texas:

    B-1    Original Petition, December 29, 2021;

    B-2    Issued Citation and Clerk's certificate of mailing, December 31, 2021;

    B-3    Order denying request for temporary restraining order, December 30, 2021;

    B-4    Returned Citation, undelivered, January 10, 2022;

Exhibit C    Declaration of Mark D. Cronenwett;

    C-1    Data Sheet from the Montgomery, Texas Appraisal District web-site on January 24, 2022.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on January 25, 2022 as stated below on the following:

<u>Via Regular Mail</u>
Jacob Hyde
Jacob.hyde.law@gmail.com
Hyde Law, PLLC
7 Switchbud Place, Ste. 192-275
The Woodlands, Texas 77380
*Counsel for Plaintiffs*

        */s/ Mark D. Cronenwett*
        **MARK D. CRONENWETT**