IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES TOWNSEND AND LESLIE TOWNSEND, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:22-cv-00250 |
| v. | § § | |
| MIDLAND MORTGAGE, | § § § | |
| Defendant. | § § | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEF IN SUPPORT**

Defendant Midland Mortgage ("Midland" or "Defendant"), files this its *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support* and shows as follows:

**I.  SUMMARY**

1. Plaintiffs James and Leslie Townend (collectively "Plaintiffs") filed this action on December 29, 2021 in response to Defendant's pursuit of a foreclosure of the real property known as 46 Barley Hall, Spring, Texas 77382 (the "Property"). (*See Petition* at ¶8.) This action was originally filed in the 284th Judicial District Court of Montgomery County, Texas, and was removed to this Court on January 25, 2022. [ECF No. 1].

2. Plaintiffs in their Original Petition generally contest Defendant's accounting of the payments and charges on Plaintiffs' mortgage loan. (*Id*. at ¶ 10.). Plaintiffs seek a declaratory judgment for the amounts owed on the loan. (*Id*. at ¶20). Further, Plaintiffs also seek injunctive relief enjoining Defendant from proceeding with foreclosure. (*Id.* at ¶12).

3. Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' general complaint about the accounting of the loan does not support any cause of action and,

because Plaintiffs fail to state a claim, injunctive relief is unwarranted. Through this Motion, Defendant seeks a final judgment dismissing Plaintiffs' claims with prejudice.

## II. STANDARD UNDER RULE 12(b)(6)

4. Under the Rule 12(b)(6) standard, pleadings must show specific, well-pleaded facts, and not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Id*. at 555.) "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 667, (2009). The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

5. Gone are the days when a plaintiff could survive a motion to dismiss with mere labels and conclusions, formulaically reciting the elements of a cause of action. In this case, Plaintiffs' allegations fall woefully short of demonstrating a plausible entitlement to relief, and the action should be dismissed.

### III. ARGUMENT AND AUTHORITIES

**A. Plaintiffs not entitled to declaratory judgment.**

6. For their claim for declaratory judgment, Plaintiffs plead that "[u]pon … information and belief, Plaintiffs' reasonably believe that Defendant has not properly accounted for all payments made or, alternatively, has posted charges or expenses that are authorized by law.". (*Petition* at ¶10)

7. Such a general claim of alleged errors in the accounting of a mortgage loan will not support a cause of action. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (holding that a "general assertion of 'wrongful charges" is insufficient to state a claim under Texas Debt Collection Act); *Elizardo v. Ditech Fin. LLC Mortg. Servicer*, No. 5:20-cv-00077-OLG, 2020 U.S. Dist. LEXIS 260208 *3 (W.D. Tex. March 19, 2020) (general allegation that "there are impediments to the sale and accounting relating to the amounts owed or reinstatement amounts" did not support a claim for breach of the subject mortgage loan agreement); *Smallwood v. Bank of Am.*, No. 3:11-cv-1283-D, 2012 U.S. Dist. LEXIS 1428, *9-10 (N.D. Tex. Jan. 6, 2012) (general claim that defendant violated Texas Debt Collection by demanding improper amounts owed on mortgage loan did not state a claim). For a plaintiff to meet its burden to plead a claim related to alleged improper loan account, the plaintiff must provide sufficient notice of what the alleged error or errors were. *See Burke v. JPMC Specialty Mortgage, LLC*, No. 4:19-CV-00492-SDJ-CAN, 2020 U.S. Dist. LEXIS 103758, *29 (E.D. Tex. Apr. 24, 2020). As Plaintiffs here offer no specifics to support their general allegation of errors in the loan accounting, they have failed to state a claim for declaratory relief.

**B. Plaintiffs not entitled to injunctive relief.**

8. Plaintiffs seeks to enjoin Defendant from foreclosing and selling the Property. (*See*

*Petition* at ¶12). A request for injunctive relief may only be granted if the plaintiff has a probable right of recovery on his or her other claims. To obtain injunctive relief, a plaintiff-movant must show: (1) a substantial likelihood of success on the merits of the movant's claims; (2) a substantial threat that movant will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs any harm that the other party might suffer if the injunction is entered; and (4) an injunction will not disserve the public interest." *Calderon v. Bank of Am. N.A.*, 941 F. Supp. 2d 753, 770 (W.D. Tex. 2013) (citing *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)). Because Plaintiffs failed to plead a viable cause of action against Defendant, as set forth above, they are not entitled to an injunction as requested.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that the Court dismiss Plaintiffs' claims with prejudice and grant Defendant all other relief to which it may be entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served via ECF notification on February 1, 2022 on the following counsel of record:

Jacob Hyde
Jacob.hyde.law@gmail.com
Hyde Law, PLLC
7 Switchbud Place, Ste. 192-275
The Woodlands, Texas 77380
*Counsel for Plaintiffs*

                                  */s/ Mark D. Cronenwett*
                                  **MARK D. CRONENWETT**