United States District Court
Southern District of Texas

**ENTERED**

March 29, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES TOWNSEND AND | § | |
| LESLIE TOWNSEND, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-250 |
| | § | |
| MIDLAND MORTGAGE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The Townsends own real property in Spring, Texas.  Midland Mortgage is either the owner and holder of a promissory note secured by a deed of trust against the property, or the authorized mortgage servicer for the holder of the note and deed of trust.  Midland Mortgage posted the property for foreclosure sale on January 4, 2022.  The Townsends allege that Midland Mortgage has not properly accounted for all payments made, or has posted charges not authorized by law. The Townsends allege that they are refinancing their mortgage and that Midland will be paid in full.  The Townsends seek injunctive and declaratory relief to stop the foreclosure sale that was scheduled for January 4, 2022.  Midland moved to dismiss, arguing that the Townsends have not stated a cause of action based on the alleged accounting or other errors. The Townsends did not respond to the motion to dismiss.

The motion to dismiss, (Docket Entry No. 5), is granted, without prejudice.  The Townsends may amend no later than April 30, 2022.  Failure to do so will lead to dismissal with prejudice.

The reasons for this ruling are stated below.

## I.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."

*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

The Fifth Circuit has explained that, although it has "recognized the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition,'" it has not "approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)).  A motion to dismiss under Rule 12(b)(6) is a dispositive motion so the Court will consider the merits of the motion.

## II.   Analysis

The Townsends allege that "[u]pon … information and belief, Plaintiffs reasonably believe that Defendant has not properly accounted for all payments made or, alternatively, has posted charges or expenses that are authorized by law." (Docket Entry No.1-1 at 6).  The Townsends do not further describe the accounting errors.

The Townsends sue for a declaratory judgment under Texas Civil Practice and Remedies Code § 37.004, which provides that "a person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Prac. & Rem. Code § 37.004. A declaration under this statute "is more precisely a type of *remedy* that may be obtained with respect to a cause of action or other substantive right." *Craig v. Tejas Promotions, LLC*, 550

S.W.3d 287, 297–98 (Tex. App.—Austin 2018, pet. denied).  The statute does not provide a cause of action or a substantive right.  *Id.*

The Townsends have not alleged a cause of action.  The general allegation of accounting errors does not state a theory of liability or a violation of rights under the note or deed.  A general assertion of "wrongful charges" is insufficient to state a claim for unfair debt collection practices. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014).  And the Townsends have not pointed to any provision of the note or deed that was breached.  *Williams v. Wells Fargo Bank, N.A.*, 560 Fed.App'x. 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."). The complaint does not state a claim for relief.

The claim for injunctive relief is probably moot because the alleged foreclosure sale was scheduled for January 4, 2022, but the parties have not told the court that sale occurred.  Even if the claim is not moot, without a plausible theory of relief, the Townsends cannot show a substantial likelihood of success on the merits.  *See Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (detailing the elements of injunctive relief).  The claim for injunctive relief fails as well.

## III.    Conclusion

The motion to dismiss, (Docket Entry No. 5), is granted.  The Townsends may amend no later than April 30, 2022.  Failure to do so will lead to dismissal with prejudice.

SIGNED on March 29, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

4